**\*\*E-filed 9/6/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA ANNE MARTINEZ,<br><br>    Plaintiff,<br>  v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>    Defendants._____/ | No. C 11-1712 RS<br><br>**ORDER DENYING PRELIMINARY INJUNCTION** |

Plaintiff's motion for a preliminary injunction to restrain defendants from conducting a trustee's sale of the real property in dispute in this action will be denied. A plaintiff seeking preliminary relief must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc.*, 129 S.Ct. 365, 374 (2008). The Ninth Circuit has clarified, however, that courts in this circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.") As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided that the other *Winter* factors are also satisfied. *Id.* at 1135.

Here, plaintiff has made an inadequate showing of a likelihood of success on the merits, even on a sliding scale. Plaintiff places heavy emphasis on *Boschma v. Home Loan Center, Inc.*, 2011 WL 3486440 (Cal. App. 4th Dist. 2011), in which plaintiffs were held to have stated a viable claim for a lender's failure to disclose adequately that negative amortization was certain to occur if the borrowers made only the minimum monthly payments required under the terms of certain "option adjustable rate mortgages." *Boschma*, however, identified the "root of the alleged deficiencies" as the use of a "teaser" rate, which is not present in this case. Additionally, while the loan in issue here similarly gave plaintiff the choice of making payments that would result in negative amortization, plaintiff has not shown that the disclosures made to her were as deficient as those alleged in *Boschma.*

More fundamentally, the *Boschma* court expressly noted that it was only evaluating the sufficiency of the complaint for pleading purposes, and it expressly pointed out several challenges the plaintiffs would have in attempting to prove their claims. *See id*. at *12 ("*If* plaintiffs can show defendant intentionally used its Option ARM forms to deceive borrowers, plaintiffs *may* be able to establish a fraud claim." (emphasis added)); *id* at *14 ("Plaintiffs' theory of damages (lost home equity) is problematic."). On the record here, plaintiff faces substantial hurdles to establish that she was actually misled and damaged by the alleged inadequacies in the loan disclosures.

Finally, plaintiff's contentions that the sale cannot properly go forward either in light of the *Mandrigues* class action settlement or as the result of purported defects in the foreclosure process are not persuasive. Accordingly, the motion for preliminary injunction is denied, and the temporary restraining order previously issued is hereby lifted.

IT IS SO ORDERED.

Dated: 9/6/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2